## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAN JOEL AGUILAR CANALES | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-01174 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| JOHN DOE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM ORDER

Pending before the Court is Petitioner Willian Joel Aguilar Canales's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner currently is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania.[1] Petitioner alleges an entry date into the United States in or around 2010, and that Petitioner has continuously resided in the United States since then. Pet. (Doc. 1) at ¶ 5. Petitioner was placed into immigration detention on or around May 28, 2026. Id. at 1. There is no indication that Petitioner has any criminal convictions.

The Petition asserts that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2). Respondents oppose relief by

---

[1] To the Court's knowledge, as of the date of this Memorandum Order, Petitioner remains in custody at Moshannon Valley Processing Center. The Court ordinarily references the ICE Online Detainee Locator Service, https://locator.ice.gov/odls/#/search, however, the Court does not have the required information about Petitioner to utilize the search tool. Whether or not Petitioner remains at Moshannon Valley Processing Center is immaterial. Transfer outside this district, however, does not deprive the Court of jurisdiction over the Petition. See Khalil v. President, United States, 164 F. 4th 259, 269-71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the petition).

relying upon decisions by the Courts of Appeals for the Fifth and Eighth Circuits to argue that mandatory detention is authorized under § 1225(b)(2)(A).  The Court has considered and rejected Respondents' interpretation of § 1225(b)(2)(A), instead joining the Courts of Appeals for the Second, Sixth and Eleventh Circuits in holding that this mandatory detention provision only applies to noncitizens apprehended upon entry into the country or shortly thereafter.  See, e.g., Tejeda Perez v. Oddo, No. 3:26-cv-00745, Order (Doc. 8), at 5, May 28, 2026; see also Cunha v. Freden, 175 F. 4th 61, 69, 74-75 (2d Cir. 2026); Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1902, 2026 WL 1283891, at *2, *4 (6th Cir. May 11, 2026) (slip copy); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026) (slip copy).

**AND NOW**, this 21st day of July, 2026, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law.  Respondents are **ORDERED** to provide Petitioner with such a hearing, or release him, on or before August 20, 2026.  The petition is **DENIED** to the extent it requests any additional relief without prejudice to renewal.

July 22, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
    All Counsel of Record